Oscar Stanley WILLIAMS and Original Tractor Cab Co., Inc., Arlington, Indiana, Plaintiffs,

v.

BURCH MANUFACTURING COMPANY, Inc., Fort Dodge, Iowa, Defendant.

Civ. No. 604.

United States District Court, N. D. Iowa, Central Division.

Sept. 7, 1954.

J. Preston Swecker, Washington, D. C., Kenneth L. Earnest, Rushville, Ind., John F. Linder, Indianapolis, Ind., Don W. Burington, Mason City, Iowa, for plaintiffs.

Rudolph L. Lowell, James E. Stephenson, Des Moines, Iowa, for defendant.

GRAVEN, District Judge.

The above-entitled case came on for trial before the Court at the Federal Court House at Fort Dodge, Iowa, on May 20, 1954. J. Preston Swecker, Don W. Burington, Kenneth L. Earnest and John F. Linder appeared as attorneys for the plaintiffs. Rudolph L. Lowell and James F. Stephenson appeared as attorneys for the defendant. The parties presented their evidence on May 20 and 21, 1954. On May 21, 1954, the parties completed the presentation of their evidence. The filing of written briefs and arguments was postponed pending the preparation of the transcript of the evidence. Following the filing of the transcript of the evidence the parties filed their written briefs and arguments. On August 24, 1954, the last of the written briefs and arguments were filed and the case submitted to the Court and by it taken under advisement. Now, to-wit, on this 7 day of September, 1954, the Court, being fully advised in the premises, makes and enters the following Findings of Fact, Conclusions of Law, and Order for Judgment.

Findings of Fact

1. The plaintiff Oscar Stanley Williams resides at Arlington, Rush County, Indiana, and is a citizen of the State of Indiana. The plaintiff Original Tractor Cab Co., Inc., is a corporation organized and existing under the laws of the State of Indiana. Its principal place of business is at Arlington, Rush County, Indiana.

2. The complaint originally named as parties defendant the Fort Dodge Tent and Awning Company and the Burch Canvas Products Co. By amendment to the complaint the Burch Manufacturing Company, Inc., was named as the sole party defendant. That defendant is a corporation duly organized and existing under the laws of the State of Iowa. Its principal place of business is at Fort Dodge, Webster County, Iowa. It is the corporate successor to the Fort Dodge Tent and Awning Company and the Burch Canvas Products Co.

3. The amount in controversy, exclusive of interest and costs, is in excess of $3,000.

4. In their complaint as amended the plaintiffs charge the defendant with trade-mark infringement, unfair competition, and patent infringement in connection with the manufacture and sale of a cab enclosure known as the "Heat Houser" and "Heat Houser Tractor Cab." On May 21, 1954, the parties filed herein a stipulation in which the parties, subject to the approval of the Court, stipulated as follows:

"1. The amended complaint is dismissed without prejudice, insofar as it alleges trade mark infringement and unfair competition through use by the Defendant of such term or terms as 'Fold Forward', 'Folds Forward', etc., as applied to the windshield of the Heat Houser Tractor Cab.

"2. The Defendant, its agents, servants and employees, are enjoined from using the word 'Original' as a trade mark or trade name, in connection with the sale of tractor cabs, or parts thereof, alone, or in combination with the words 'Heat Houser' the 'Original Farm Tested Heat Houser', and any other term or expression which may conflict in the trade with the Plaintiffs' trade mark 'Original'.

"3. The Plaintiffs waive damages as to the claims of trade mark infringement and unfair competition, and no damages shall be awarded therefor."

5. On December 23, 1941, pursuant to application filed on April 19, 1939, United States Letters Patent No. 2,267,227 for Tractor Cab was issued to the plaintiff Oscar Stanley Williams. The plaintiff Original Tractor Cab Co., Inc., is the exclusive licensee under that Letters Patent. The plaintiffs charge the defendant with the infringement of that Patent, particularly Claims 1, 13, 14, and 15 thereof.

6. The cab described in the Patent is designed to be fitted over the rear part of a tractor so as to provide warmth for the operator in cold weather and protection from the sun in warm weather.

7. The defendant in its answer asserted that the Patent was invalid because of prior knowledge and public use. It also asserted that the Patent and particularly Claims 1, 13, 14, and 15 thereof were invalid for lack of invention. It also asserted that that Patent was invalid because of anticipation. The defendant pleaded the following Patents and Publications in connection with the prior art:

### U. S. Patents

| Name | Number | Date |
| --- | --- | --- |
| Murch | 218,637 | August 19, 1879 |
| McMillen | 264,316 | September 12, 1882 |
| Loye | 585,769 | July 6, 1897 |
| Becker | 928,099 | July 13, 1909 |
| Foster | 939,998 | November 16, 1909 |
| Wheelock | 1,052,867 | February 11, 1913 |
| Campbell | 1,058,546 | April 8, 1913 |
| Kay | 1,067,660 | July 15, 1913 |
| Morton | 1,126,552 | January 26, 1915 |
| Stenson | 1,255,809 | February 5, 1918 |
| Anderson | 1,384,735 | July 19, 1921 |
| Baxter | 1,393,071 | October 11, 1921 |
| Sunde | 1,418,181 | May 30, 1922 |
| Kurtz | 1,454,321 | May 8, 1923 |
| Kraus | 1,650,757 | November 29, 1927 |
| Cushman | 1,716,212 | June 4, 1929 |
| Tupper | 2,002,514 | May 28, 1935 |

### Foreign Patents

| | | |
| --- | --- | --- |
| Winet, et al. | 112,135 (Swiss) | October 1, 1925 |
| Andrews | 231,395 (British) | April 2, 1925 |
| Andrews | 467,962 (British) | June 25, 1937 |

### Publications

The Commercial Car Journal of January 15, 1925, page 18.
Auto Patrol (pages 30, 31 and 33), published in 1936 by the Caterpillar Tractor Company of Peoria, Illinois.

8. The defendant in its answer as amended denied infringement. The defendant also pleaded what it designated as a counterclaim. In its counterclaim the defendant asks the Court to declare that Claims 1, 13, 14, and 15 of the Patent are invalid because of prior art, public use, and prior knowledge. In its counterclaim the defendant asks that the Court declare that the tractor cabs manufactured by it are unpatented tractor cabs with respect to Claims 1, 13, 14, and 15 of the Patent and that it had not infringed or contributed to the infringement of any valid Patent rights of the plaintiff Oscar Stanley Williams.

9. Claims 1, 13, 14, and 15 of the Patent in suit are as follows:

Claim 1. The combination with a tractor having an operator supporting portion, of a tractor cab

enclosing said portion, said cab including a unitary frame structure having upright corner posts at the sides and a top carried thereby and with sheet covering material thereon about the sides thereof and secured to the corner posts by detachable fastenings for removal therefrom, and means for fastening said cab to the tractor.

Claim 13. A tractor cab comprising a pair of laterally spaced side sills adapted to be secured on opposite sides of a tractor, upright corner posts having the lower ends thereof rigidly secured to the front and rear end portions of the side sills, a top structure rigidly attached to the upper ends of the corner posts and supported thereby, and a cross bar connecting together the front corner posts approximately midway of the height thereof in position to fit over the operative structure of the tractor, the space between said front corner posts below said cross bar being open and unobstructed.

Claim 14. A tractor cab comprising a rigid unitary frame having spaced side sills having means for detachably securing the same to a tractor, upstanding corner posts permanently attached to said sills, a top frame rigidly and permanently attached to said corner posts and supported thereby, covering material on said top frame, and covering material extending about the lower portion of the frame and secured thereto.

Claim 15. A tractor cab comprising a rigid unitary frame having spaced side sills having means for detachably securing the same to a tractor, upstanding corner posts permanently attached to said sills, a top frame rigidly and permanently attached to said corner posts and supported thereby, covering material on said top frame, sheet covering material extending between the lower portions of the corner posts and detachably secured thereto for

enclosing the lower portion of the cab.

10. On page 1, column 1, of the Patent in question it is stated:

"The object of this invention is * * * to provide adequate protection for the operator from the weather with great latitude in the amount of protection provided according to different weather conditions; * * *. Due to occasional dusty operating conditions and slow motion usual with tractors, entirely removable front, side, and rear walls of cab would be virtually necessary at times to alleviate this condition."

On pages 39 and 40 of the File Wrapper of the Patent in question the applicant states:

"Probably the most common mistake to date with tractor cabs has been the failure to build cabs to fit the needs for the expected users. Previous cabs have been built for very cold weather. In actual fact, only a very small minority of tractors are ever used on farms when the temperature is below freezing. But, the majority are used day after day each spring in temperatures above freezing when merely a cab that serves as a windbreaker will be found extremely useful. This point is proved by experience. By failure to realize this point cabs have been made substantial enough to be really too warm inside, and by this very completeness it has been inevitable and unavoidable for the same cab to be at all bearable from the heat and the dust in the summer time. At this time, applicant has found farmers accustomed to the use of the cab so much as to be unwilling to do without the top part alone as protection from the sun's rays. Anyone that doubts the advisability of complete removability of everything but the top and frame of a cab in the summer time, should try to operate a tractor with one of the floorless cabs and the reg-

ular lower curtains still in position. Even these floorless cabs are unbearable, but by removing these lower curtains from the lower half of the sides and front as can be done only with this cab, the cab serves as a most welcome sun shade."

11. The tractor cab described in the Williams Patent will for convenience be referred to as the Williams Cab. In Claim 14 of the Patent reference is made to the "covering material" for the top of the cab. In Claim 15 reference is made to "sheet covering material extending between the lower portions of the corner points." While those terms could include sheet metal or plastic material, it is stated in the Patent that canvas is preferable. In practice canvas is used.

12. The Williams Cab has a unitary steel frame. The frame consists of four angle irons riveted together in the form of a rectangle supported by four riveted corner posts which rest upon and are riveted to two angle irons which constitute the base or the sills of the frame. The two front corner posts of the frame are connected by a metal strap about half way up. The bottom of the frame is open and so is the rear of the frame. The base or sills of the frame are attached to a tractor by means of brackets.

13. The top of the frame is covered by canvas which is held in place by means of a draw string held in position with a spring. The canvas top is removable. There is a windshield attached to the front upper part of the frame which is hinged so that it may be raised and lowered. There are canvas side curtains with windows which may be opened. The side curtains are removable. There is a canvas rear curtain which is also removable. The cab is so located on the tractor as to make use of the heat generated by the engine for warming the interior of the cab. The entire cab can be readily installed and removed. It can be installed on practically all makes of tractors. In practice it has been found that even in fairly cold

weather the cab can be kept comfortably warm with only the top covering and the sides of the cab in place and that the rear curtain is seldom used. If the operator desires to use the cab for protection against the sun only, he removes all but the top covering. Even when the top covering and side curtains are in place the operator of the tractor may to a considerable extent regulate the ventilation through the raising or lowering of the windshield and the windows in the side curtains. There is no doubt that the Williams Cab described in the Patent constitutes a light, handy, simple, and convenient accessory to a tractor. However, the fact that it is such is not determinative on the question of the validity of the claims here involved.

14. Canopies or tops to protect occupants of vehicles from the sun and weather are of ancient origin. The use of heat generated by the engine of a motor vehicle to provide warmth for the occupants has been in use almost from the advent of motor vehicles. Detachable side curtains, windows in side curtains, and removable tops in connection with enclosures used for protection for occupants of vehicles are old and well-known. The gist of the invention claimed in the claims in question would seem to be for an "unitary frame structure" and "detachable frame structure." The detachability of canopies and other structures used to afford protection to occupants of vehicles is old in the art. The frame of the Williams Cab is a very simple structure consisting of six angle irons, four corner posts, and a metal strap which are riveted together to form a rigid, unitary frame. The manner and means of making use of those items for the frame of a cab enclosure is a matter of engineering choice.

15. The Claims in question are aggregations of old elements which, in the aggregation, perform or produce no new or different function or operation than that theretofore performed or produced by them. The Claims were anticipated. The state of the art prior to the Patent in question was such that one skilled

in the art with the art before him could have constructed the structure described in the Claims in question. Claims 1, 13, 14, and 15 of the Patent in question do not disclose invention.

16. The circumstances are not such as to justify the award of an attorney fee to the defendant.

### Conclusions of Law

1. That this Court has jurisdiction of the subject matter of the action and the parties thereto.

2. That Claims 1, 13, 14, and 15 of United States Letters Patent No. 2,267,-227 issued to Oscar Stanley Williams are invalid.

3. That the foregoing Conclusion of Law renders moot the declaratory relief asked for by the defendant.

4. That the stipulation of the parties relating to trademark infringement and unfair competition be approved.

5. That no award of an attorney fee should be made to the defendant.